Honorable Jay T. Kimbrough Bee County Attorney Room # 204, Courthouse Beeville, Texas 78102
Re: Whether the Bee County Community Action Agency may receive interest free loans from a bank which is a depository for Bee County
Dear Mr. Kimbrough:
You ask whether the Bee County Community Action Agency [hereinafter Agency] may receive an interest-free loan from a bank which is a depository for Bee County. Apparently, the bank in question gives the Agency interest-free loans based on the county's credit with the bank. You refer to the Agency as a not-for-profit agency but indicate that it is organized by the Bee County Commissioners Court and funded through various government programs. Regardless of whether the county is even authorized to organize this Agency, we conclude that such an Agency cannot receive interest-free loans in the instances described herein.
The basis for this conclusion differs according to whether the Agency is an independent entity or whether it is an "extension" of the county. Because it is unclear which type of entity is presently in question, each deserves analysis.
If the Agency in question is an "extension" of the county, it cannot receive interest-free loans because the county itself cannot receive such loans. An agency or arm of a local governmental entity has no greater power than the local governmental entity which creates the agency. Attorney General Opinion JM-220 (1984). Counties possess only the powers expressly or by necessary implication authorized by the Texas Constitution or statutes. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). Counties lack authority to borrow money except through the issuance of bonds, certificates of obligation, or other forms of indebtedness which are specifically authorized by law. See Tex. Const. art. XI, § 7; Brown v. Jefferson County,406 S.W.2d 185 (Tex. 1966); see also Tex. Const. art. III, § 52-b; art. VIII, § 9 (because counties are limited in property taxes they may levy, their power to incur debt is limited); see generally V.T.C.S. arts. 701 et seq., 2368a.1; cf. V.T.C.S. arts. 1644c, 1644c-1. Accordingly, the Agency cannot receive interest-free loans from Bee County's depository bank.
If, on the other hand, the Agency is an independent not-for-profit legal entity with which the county merely contracts, e.g., for the delivery of certain authorized social services on an independent contract basis, then the Texas Constitution may prohibit the loans in question. If the Agency is a private, not-for-profit entity, and thus not connected to the county, it would be free to seek loans from any bank, subject to legal limitations applicable to not-for-profit corporations and associations which are not in issue here. Apparently, the bank in question gives the Agency interest-free loans based on the county's credit with the bank. If the county acts, in this manner, as a guarantor or surety for these loans, the Texas Constitution prevents counties from lending their credit to any individual, association, or corporation. Art. III, § 52(a).
Article III, section 52(a) provides that
 Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company. (Emphasis added).
See also Tex. Const. art. XI, §§ 3, 7.
The Texas Constitution prohibits the use by a political subdivision of its public funds or credit for private purposes. State v. City of Austin, 331 S.W.2d 737 (Tex. 1960). No fixed rule delineates exactly what constitutes a public purpose. Nevertheless, the prohibition of article III, section 52, extends to private, not-for-profit organizations. See Attorney General Opinions MW-329 (1981); V-173 (1947).
Consequently, although the county may occasionally contract with a private entity to deliver certain services which the county is specifically authorized to provide, a county may not make an unconditional grant of its credit to a private entity. See Attorney General Opinion H-1189 (1978). An incidental benefit to a private person or entity is not prohibited. Attorney General Opinions JM-220 (1984); MW-423 (1982); see Barrington v. Cokinos,338 S.W.2d 133 (Tex. 1960). Virtual donations are prohibited. Attorney General Opinion JM-65 (1983). Any lending of credit must be intended to accomplish an authorized county purpose and must be accompanied by conditions to ensure the use of county credit for a public purpose. See Attorney General Opinions JM-220
(1984); JM-103 (1983); MW-423 (1982); MW-60 (1979).
 SUMMARY
If the Bee County Community Action Agency is an "extension" of Bee County, it cannot receive interest-free loans from a bank which is a depository for Bee County. If, on the other hand, the Agency is an independent, private, legal entity, any lending of county credit as a guarantor or surety on loans to the Agency on an independent contract basis must be for an authorized county purpose and must have conditions attached to ensure the accomplishment of that county purpose.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jennifer Riggs Assistant Attorney General